Honorable Richard H. Jette Mayor, Village of Palm Springs
QUESTION:
In light of the passage of s. 32, Ch. 92-203, Laws of Florida, is the Village of Palm Springs prohibited from imposing an occupational license tax on businesses licensed by the Department of Professional Regulation?
SUMMARY:
The Village of Palm Springs may not impose an occupational license tax on a business licensed by the Department of Professional Regulation if the business engages in work within the Village but does not establish a permanent business location or branch office in the Village and if the business has paid an occupational license tax to another municipality or county where its permanent business location or branch office is located for the current year.
According to your letter, the enactment of s. 205.065, F.S. (1992 Supp.), during the 1992 legislative session has caused confusion and various interpretations by governmental agencies within Palm Beach County.
Section 205.042, F.S., authorizes municipalities to impose an occupational license tax on:
 (1) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any business within its jurisdiction.
(2) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
(3) Any person who does not qualify under the provisions of subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if such license tax is not prohibited by s. 8 of Art. I of the United States Constitution.[1]
Section 32, Ch. 92-203, Laws of Florida, creates s. 205.065, F.S. (1992 Supp.), which limits the authority of a municipality (and a county) to impose occupational license taxes, by providing:
If any person engaging in or managing a business, profession, or occupation regulated by the Department of Professional Regulation has paid an occupational license tax for the current year to the county or municipality in the state where his permanent business location or branch office is maintained, no other local governing authority may levy an occupational license tax, or any registration or regulatory fee equivalent to the occupational license tax, on him for performing work or services on a temporary or transitory basis in another municipality or county. In no event shall any work or services performed in a place other than the county or municipality where the permanent business location or branch office is maintained be construed as creating a separate business location or branch office of that person for the purposes of this chapter.
It is a basic rule in statutory construction that the words used in the statute are to be given their plain meaning.[2]
The above statute clearly prohibits a county or municipality from levying an occupational license tax on a business regulated by the Department of Professional Regulation (DPR) if:
1) the permanent business location or a branch office is not maintained in that city or county, and
2) the business has paid an occupational license tax for the current year to another county or municipality where its permanent business location or branch office is maintained.
A county or municipality may not avoid the statute's prohibition by calling the fee another name such as a registration or regulatory fee. If the fee is in the nature of or equivalent to an occupational license fee, the provisions of s. 205.065, F.S. (1992 Supp.), are applicable regardless of the name given to such a fee.
An examination of the legislative history surrounding the enactment of the statute supports such an interpretation. Such records indicate that, prior to the enactment of s. 205.065, F.S. (1992 Supp.), some municipalities were imposing a registration or regulatory fee on persons who did not maintain their business location or a branch office within the municipality.[3]
The enactment of s. 205.065, F.S. (1992 Supp.), was to "prohibit local jurisdictions from requiring an occupational license of any business regulated by the Department of Professional Regulation, except in cases where there is a business location established within their jurisdiction."[4]
Thus, if a DPR licensee has paid an occupational license tax to the county or municipality where he maintains a permanent business office or a branch office and he engages in work in another city or county without establishing a permanent or branch office in such jurisdiction, that city or county may not collect an occupational license tax from the DPR licensee for that taxable year. The prohibition, under the plain language of s. 205.065, F.S. (1992 Supp.), would apply to municipalities, whether within the same county or different counties, as well as between counties. The prohibition, however, would not prevent a municipality or county from imposing an occupational license tax if the person maintained a permanent or branch office in such jurisdiction even though the person may have paid an occupational license tax to another county or municipality where a permanent or branch office was located. Nor does the prohibition, by its own terms, apply to persons not regulated by DPR.
Therefore, I am of the opinion that the Village of Palm Springs may not impose an occupational license tax on a business licensed by the Department of Professional Regulation if the business engages in work within the Village but does not establish a permanent business location or branch office in the Villageand if the business has paid an occupational license tax to another municipality or county where its permanent business location or branch office is located for the current year.
RAB/tjw
[1] Cf., ss. 205.032 and 205.033, F.S., regarding the levy of occupational license taxes by counties.
[2] See, In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130
(Fla. 1990) (in interpreting statutes, best evidence of legislative intent is generally the plain meaning of the statute); Powell v. State, 508 So.2d 1307 (1 D.C.A. Fla., 1987), reviewdenied, 518 So.2d 1277 (Fla. 1987) (unless otherwise defined or limited by manifest legislative intent, statutory language is to be given its plain and ordinary meaning).
[3] See, Final Bill Analysis and Economic Impact Statement on CS/HB 1731 (which contained language identical to that passed in s. 32, Ch. 92-203, Laws of Florida), Florida House of Representatives Committee on Regulatory Reform, dated April 15, 1992.
[4] See, Final Bill Analysis and Economic Impact Statement of the Florida House of Representative Committee on Regulatory Reform on HB 2341 (enacted as Ch. 92-203, Laws of Florida).And see, Final Bill Analysis and Economic Impact Statement for CS/HB 1731, Florida House of Representatives Committee on Regulatory Reform, supra:
The bill prohibits any local governing authority from levying an occupational tax or an equivalent registration or regulatory fee on a person engaging in a business or profession licensed by the Department of Professional Regulation. The prohibition applies only if the person has paid an occupational license tax and only if no permanent business location or a branch office is located within the jurisdiction.